IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FRANKLIN KENNEY,<br><br>    Petitioner,<br><br> vs.<br><br>WARDEN P.D. BRAZELTON,<br><br>    Respondent. | No. C 13-2562 LHK (PR)<br><br>ORDER GRANTING MOTION FOR RELIEF; RE-OPENING CASE; GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; ORDER TO SHOW CAUSE |

Petitioner, a California prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 16, 2013, the court dismissed this action because petitioner failed to file a timely motion for leave to proceed in forma pauperis. On July 22, 2013, petitioner filed a motion for leave to proceed in forma pauperis. On March 24, 2014, petitioner filed a request for relief from judgment. Based on petitioner's request, the court finds that petitioner has presented good cause as to why his motion for leave to proceed in forma pauperis was untimely. Accordingly, the court GRANTS petitioner's motion for relief and RE-OPENS this action. Based on petitioner's Certificate of Funds, petitioner's motion for leave to proceed in forma pauperis is GRANTED. Respondent is ordered to show cause why the petition should not be granted.

**BACKGROUND**

According to the amended petition, petitioner was convicted by a jury in Monterey

1  County Superior Court of first and second degree murder, and the jury found true several
2  allegations. Petitioner was sentenced to a term of life without the possibility of parole,
3  consecutive to 25-years to life, to run concurrently to a term of 15-years to life, to run
4  consecutively to a term of an additional 25-years to life. In 2012, the California Court of Appeal
5  affirmed the judgment, and the California Supreme Court denied review. Petitioner filed the
6  underlying federal habeas petition on June 6, 2013.

## DISCUSSION

A.   Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.   Petitioner's Claims

As grounds for federal habeas relief, petitioner claims: (1) the trial court committed error when it instructed the jury on mutual combat, initial aggressor, and pretextual self-defense; (2) the trial court had a sua sponte duty to define "mutual combat" once the jury was instructed on it[1]; (3) the trial court erred by failing to instruct on "defense of property" and counsel was ineffective when he agreed to the withdrawal of CALCRIM No. 3475; (4) the trial court erred in admitting evidence of a DVD; and (5) the trial court erred in instructing on CALCRIM No. 362. Liberally construed, petitioner's allegations are sufficient to require a response. The court orders respondent to show cause why the petition should not be granted.

Petitioner briefly mentions that he wishes the court to stay this action. Should petitioner wish to stay this case, he must file a separate motion to stay and hold the case in abeyance. If

---

[1] Petitioner's related allegation that his "substantial rights" were affected under California Penal Code § 1259 is DISMISSED for failure to state a cognizable claim.

1  petitioner files such a motion, petitioner should be prepared to explain why he did not complete
2  exhaustion before he initiated this action.

**CONCLUSION**

1. Petitioner's motion for relief is GRANTED. The clerk shall RE-OPEN this case.
2. The clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.
3. Respondent shall file with the court and serve on petitioner, within **sixty days** of the filing date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the filing date of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the filing date of this order. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **twenty-eight days** of the filing date of the motion, and respondent shall file with the court and serve on petitioner a reply within **fourteen days** of the filing date of any opposition.
5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Order Re-Opening Case; Granting Motion to Proceed In Forma Pauperis; Order to Show Cause
P:\PRO-SE\LHK\HC.13\Kenney562reopen.wpd        3

IT IS SO ORDERED.

DATED: 4/12/14

_____
LUCY H. KOH
United States District Judge